IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARIA MALDONADO, :

      Plaintiff, : Case No. 3:12cv205

vs. : JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY, :

      Defendant. :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #14) IN THEIR ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #15, TO THE EXTENT SHE OBJECTS TO A REMAND FOR FURTHER PROCEEDINGS, RATHER THAN FOR THE IMMEDIATE PAYMENT OF BENEFITS) AND THOSE OF THE DEFENDANT (DOC. #16) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, VACATING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, MAKING NO FINDING AS TO WHETHER PLAINTIFF WAS DISABLED WITHIN THE MEANING OF THAT ACT, AND REMANDING THE CAPTIONED CAUSE, PURSUANT TO THE FOURTH SENTENCE OF 42 U.S.C. § 405(g), TO THE DEFENDANT COMMISSIONER FOR FURTHER ADMINISTRATIVE PROCEEDINGS SET FORTH HEREIN; TERMINATION ENTRY

---

      Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On May 21, 2013, the United States Magistrate Judge filed a Report and Recommendations (Doc. #14), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be reversed (the Court prefers

vacated), that no finding be made as to whether Plaintiff was disabled within the meaning of the Social Security Act, and that the captioned cause be remanded to the Defendant Commissioner, pursuant to the Fourth Sentence of 42 U.S.C. § 405(g), for further administrative proceedings. Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #14), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (Doc. #6), the decision of the Administrative Law Judge, Tr. 9-24, and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, was not supported by substantial evidence. The Plaintiff's Objections to said judicial filing (Doc. #15), to the extent that she seeks a remand for the payment of benefits, rather than one for further administrative proceedings, and those of the Defendant (Doc. #16) are overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, is vacated, that no finding is made as to whether the Plaintiff is disabled within the meaning of the Act, and the captioned cause is remanded to the Defendant Commissioner, pursuant to the Fourth Sentence of 42 U.S.C. § 405(g), for further administrative proceedings set forth herein..

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report

to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. The Administrative Law Judge, by failing to follow the rules, regulations and laws concerning the means by which medical opinions should be evaluated, based her decision of non-disability on evidence that was far from substantial. Accordingly, the Residual Functional Capacity, propounded to the VE at the hearing, necessarily based upon her evaluation of the medical evidence of record, set forth incorrect factual premises in the hypothetical question to the Vocational Expert.

2. The Administrative Law Judge erroneously substituted her own interpretation of the clinical and objective findings for those of the medical experts. It is axiomatic that the Hearing Officer's decision must be based upon medical opinions and not on her own interpretations of the medical evidence.

3. Remand for further administrative proceedings is appropriate in this case. Because of the deficiencies in the Administrative Law Judge's decision, not the least of which is the failure to properly analyze medical sources of record, according to the rules, regulations and case law binding on the Social Security Administration, her decision of non-disability is simply not supported by substantial evidence. However, merely because the Administrative Law Judge erred by favoring her own interpretation of the medical evidence, as well as formulating a Residual Functional Capacity based upon that interpretation and submitting same to the Vocational Expert, not to mention selectively incorporating the portions of the medical opinions which supported a non-disability finding, does not mean that the evidence of disability in this matter is clear and overwhelming. Were this Court to remand for the immediate payment of benefits, the Court would be doing exactly what it is not permitted to do on an appeal from the Commissioner's decision of non-disability, to wit: weighing the evidence and substituting its own lay interpretation of that medical evidence. This, the Court cannot do. Accordingly, remand for further administrative proceedings is necessary. Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994).

4. On remand, the Defendant Commissioner is directed to properly analyze the medical sources of record, according to the rules, regulations and case law binding on the Social Security Administration, and considering those findings that might be derived therefrom, both

-5-

singly and in combination, to determine whether Plaintiff is under a disability within the meaning of the Social Security Act.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #14) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. Plaintiff's Objections to said judicial filing (Doc. #15), to the extent that she objects to a remand for further administrative proceedings, rather than one for the immediate payment of benefits, and the Objections of the Defendant (Doc. #16) are overruled. Judgment will be ordered entered in favor of the Plaintiff and against Defendant Commissioner, vacating the Commissioner's decision of non-disability, making no finding as to Plaintiff's disability and, accordingly, entitlement to benefits under the Social Security Act, and remanding the captioned cause, pursuant to the Fourth Sentence of 42 U.S.C. § 405(g), for further administrative proceedings set forth above.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 26, 2013

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record